**FOURTH DIVISION**
**BARNES, P. J.,**
**RAY and MCMILLIAN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**September 24, 2015**

# In the Court of Appeals of Georgia

A15A1244. VINCENT v. VINCENT.

MCMILLIAN, Judge.

Appellants Harvey Vincent and Annie Nell Vincent (collectively "grandparents") filed a petition seeking, among other things, visitation rights to their minor grandchildren, who are their son's biological children. The children's mother, who had been granted a divorce from the father after he was incarcerated, opposed the petition. Following a hearing, the trial court denied the grandparents' request for visitation under the standard set out in OCGA § 19-7-3 (c). The grandparents appeal, asserting, inter alia, that the trial court applied the wrong legal standard, made certain erroneous factual findings or failed to made certain findings, and failed to rule on their request for notification of the children's public performances under OCGA § 19-

7-3 (g). For the reasons that follow, we vacate the trial court's order and remand the case with direction.

1. We first consider whether the trial court applied the wrong legal standard in declining to award the grandparents visitation. Generally, grandparent visitation is governed by OCGA § 19-7-3 commonly referred to as the Grandparent Visitation Statute. As we have previously explained, the Grandparent Visitation Statute

> was enacted to provide a mechanism for courts to grant a grandparent visitation rights with his or her minor grandchild, where, as here, a child's parent objects. In this regard, the statute codified a standard for the trial courts to utilize in balancing the wishes of an alienated grandparent, the rights of the parents, and the interests of the child.

(Citation omitted.) *Keith v. Callahan*, 332 Ga. App. 291, 293 (1) (772 SE2d 386) (2015).

In denying the grandparents' request for visitation, the trial court relied solely on subsection (c) of the statute, which in part provides that "the court may grant any grandparent of the child reasonable visitation rights if the court finds the health or welfare of the child would be harmed unless such visitation is granted and if the best interests of the child would be served by such visitation." OCGA § 19-7-3 (c) (1). However, the legislature amended OCGA § 19-7-3 in 2012 to add subsection (d),

which sets out a different standard when the parent of the minor child with whom visitation is sought is incapacitated, incarcerated or deceased, and the grandparent seeking visitation is the parent of such incarcerated, incapacitated or deceased parent. Ga. L. 2012, p. 860, § 1. Thus, under that section,

> [*n*]*otwithstanding the provisions of subsections (b) and (c) of this Code section*, if one of the parents of a minor child dies, is incapacitated, or is incarcerated, the court may award the parent of the deceased, incapacitated, or incarcerated parent of such minor child reasonable visitation to such child during his or her minority if the court in its discretion finds that such visitation would be in the best interests of the child. The custodial parent's judgment as to the best interests of the child regarding visitation shall be given deference by the court but shall not be conclusive.

(Emphasis supplied.) OCGA § 19-7-3 (d). As we have recently explained, "[q]uite explicitly, the language italicized above eliminates the provisions of subsections (b) and (c) from impeding an award of reasonable visitation to individuals particularly designated by subsection (d)." *Fielder v. Johnson*, ___ Ga. App. ___ (773 SE2d 831) (2015).

Because the grandparents' son was incarcerated, the trial court should have applied the "best interests" standard set out in subsection (d) instead of the less

favorable "harmed unless such visitation is granted" standard set out in subsection (c). See *Beloate v. Peden*, 328 Ga. App. 64, 67 (1) (761 SE2d 487) (2014) (because the mother of the children was deceased, the "more pertinent standard governing" the maternal grandparent's visitation request is set forth in subsection (d) of [OCGA § 19-7-3]). Accordingly, the trial court's order must be vacated and the case must be remanded to allow the trial court to conduct further proceedings and enter a new order in accordance with the standard set forth in OCGA § 19-7-3 (d).[1] Further, the parties shall have the right to file a notice of appeal within 30 days of the entry of any adverse final order.

2. The grandparents also argue that the trial court erred by assigning more weight to the opinion of the mother than was permissible. However, we need not decide this issue, which also must be revisited and a new ruling issued upon remand in accordance with OCGA § 19-7-3 (d). Compare OCGA § 19-7-3 (c) (3) with OCGA § 19-7-3 (d).

---

[1] Although the mother argues that the trial court did in fact find that visitation was not in the "best interest and welfare of the minor children," it is clear from the trial court's order as a whole that the visitation issue was decided based on the considerations set forth in OCGA § 19-7-3 (c) and that remand for further proceedings and entry of a proper order is required.

3. The grandparents challenge certain factual findings and conclusions made by the trial court and also argue that the trial court failed to make certain findings necessary to support its conclusions. However, because we have vacated that order and directed the trial court to conduct further proceedings and enter a new order applying a different standard, we need not examine the prior order for factual error or omission.

4. Lastly, the grandparents argue that the trial court erred by failing to rule on their request for notification of the children's public performances, which may be granted under OCGA § 19-7-3 (g), whether or not visitation is awarded to a grandparent. The record reflects that the grandparents' petition contained a request for such notification, and that the trial court's order did not include a ruling on their request. Accordingly, the trial court is hereby directed to rule on the grandparents' request under OCGA § 19-7-3 (g) upon remand.

*Judgment vacated and case remanded with direction. Barnes, P. J., concurs. Ray, J., concurs in judgment only*.

5

A15A1244. VINCENT v. VINCENT.

RAY, Judge, concurring in judgment only.

I join the opinion of the majority in judgment only. I have no quarrel with the analysis included therein. However, I believe that the amendments to the Grandparent Visitation Statute enacted in 2012, particularly OCGA § 19-7-3 (d), which gives the right to the trial court to award visitation to grandparents over the custodial parent's objection without finding that the child would be harmed without visitation, may well be unconstitutional.[1] Indeed, our Supreme Court found the Grandparent Visitation Statute in effect in 1995 to be unconstitutional when it did not include such a threshold finding by the trial court. *Brooks v. Parkerson*, 265 Ga. 189 (454 SE2d 769) (1995). However, given that it is not the role of this Court to make such a finding

---

[1] By no means do I intend to imply that I am hostile to grandparent visitation. My children have benefitted significantly by having the robust presence in their lives of their grandparents. As I will in the next decade likely join the grandparents' club, I certainly hope to enjoy access to my grandchildren.

since consideration of the constitutionality of statutes is reserved exclusively to our Supreme Court, I join in the results reached by the majority herein. Certainly, our Supreme Court is likely to consider the constitutionality of this amendment to the Grandparent Visitation Statute in the near future, whether it is in this case or in a similar action.